UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACKENZIE SCHUTTER,

    Plaintiff,

v.                                                Case No. 1:18-CV-47

HAROLD ZEIGLER AUTO GROUP,         HON. GORDON J. QUIST
INC.,

    Defendant.
_____/

## **OPINION REGARDING DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Mackenzie Schutter, filed a civil complaint against Defendant, Harold Zeigler Auto Group, in Kalamazoo County Circuit Court, alleging three counts: 1) that Zeigler discriminated against her on the basis of pregnancy in violation of Michigan's Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*; 2) that Zeigler violated Michigan's Bullard-Plawecki Employee Right to Know Act, MCL § 423.501 *et seq.*; and 3) that Zeigler interfered with her right to take leave under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*  Zeigler removed the case to the Court based on federal question jurisdiction from the FMLA claim. (ECF No. 1.)  Zeigler then filed the instant motion to dismiss. (ECF No. 5.)

In order to survive a motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), a party must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959 (2007).  Under 12(b)(6), a party must state a plausible claim, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss in an employment discrimination claim, a plaintiff need not plead facts establishing a prima facie claim for relief; instead, she merely needs to include a short and plain statement of the claim. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 677–78, 129 S. Ct. at 1949. Nevertheless, the plaintiff must include "either direct or inferential allegations [in the complaint] with respect to all material elements necessary to sustain a recovery under some viable legal theory." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) (alteration in original) (citations omitted). "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012) (citations omitted).

Schutter's Complaint contains bare recitations of the elements of her claims, presents legal conclusions without supporting facts, and fails to address all material elements necessary to state a plausible claim for relief. Her Response to Zeigler's motion is essentially a reiteration of her Complaint, and merely lists the elements of her claims, states legal conclusions, and presents essentially no substantive legal argument. (ECF No. 7.)

For her ELCRA and FMLA claims, Schutter largely relies on one broad statement in her complaint that "[t]he defendant stated that Mr. [sic] Schutter's pregnancy was poorly timed and questioned whether she was the working type after learning about her pregnancy." Schutter does not name the person to whom she spoke, what the individual's authority (or lack thereof) was, and the context in which it was said. Schutter "merely plead[s] facts that are consistent with [Zeigler's] liability," but is insufficient to constitute a plausible ELCRA claim. *Id.* at 611. Similarly, her FMLA claim is void of contextual facts supporting the actual elements of a plausible FMLA claim. In response to Zeigler's argument that she "recites nothing more than 'labels and conclusions' and

'a formulaic recitation' of some of the elements of an FMLA cause of action" (ECF No. 6 at PageID.30–31), Schutter offers nothing more than further labels, conclusions, and formulaic recitations.[1] Therefore, she has failed to state a plausible claim for relief under the ELCRA and FMLA.

Schutter alleges Zeigler violated Bullard-Plawecki because it had a written policy that prohibited employees from independently taking information out of their personnel files. This policy, on its face, is entirely consistent with Bullard-Plawecki, which requires employees to submit a written request to their employers in order to review their personnel files. M.C.L. § 423.503; *see Richardson v. Wal-Mart Stores, Inc.*, 836 F.3d 698, 705 (6th Cir. 2016). Faced with this legal challenge by Zeigler in its motion to dismiss, Schutter merely repeats allegations from her Complaint. She offers no facts to demonstrate that Zeigler actually violated Bullard-Plawecki by, for example, denying a written request to review her personnel file. Therefore, she has failed to state a plausible claim for relief under Bullard-Plawecki.

Accordingly, the Court will grant Zeigler's motion. However, the Court will grant Schutter fourteen (14) days from the entry of this Opinion and Order correcting the deficiencies pointed out in this Opinion. A separate order will issue.

Dated: March 29, 2018     /s/ Gordon J. Quist
                                                           GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE

---

[1] For example, Schutter asserts that "[t]he complaint provides more than labels and conclusions and is more than a formulaic recitation of the elements. The plaintiff's factual allegations for each element of each claim also show a right to relief that is plausible." (ECF No.7 at PageID.46.) Schutter's bare assertions are insufficient.